Jose Marte v. USA                    CV-01-55-B      04/03/01

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**Jose Marte**

   **v.**                                    Civil No. 01-55-B
                                                           2001DNH105
**United States of America**


### O R D E R

Jose Marte cites four grounds to support his petition under 28 U.S.C. § 2255. He claims that: (1) the government withheld unspecified exculpatory evidence; (2) his lawyer denied him effective assistance of counsel by failing to understand the governing law, failing to properly investigate, and failing to appraise him of the fact that he could be deported if he was found guilty; (3) he was mentally impaired when he pleaded guilty; and (4) neither his counsel nor the court properly advised him that he could face deportation proceedings if he was found guilty.

Marte signed his § 2255 motion on January 26, 2001. Since this date is more than two years after the last possible date that his conviction could be considered final, the government argues that Marte's claims are barred by the one-year limitation

period that governs § 2255 motions.  See 28 U.S.C. § 2255(1)-(4).
Marte anticipated the government's argument.  When he filed his
motion, he argued that his claims are not time-barred because he
did not become aware of the fact that he could face deportation
proceedings as a result of his guilty plea until he was served
with a notice to appear in a deportation proceeding on December
22, 2000.  He argues that the statute of limitation concerning
his claims thus did not begin to run until that date because it
was not until then that "the facts supporting the claim or claims
presented could have been discovered through the exercise of due
diligence."  28 U.S.C. § 2255(4).  He also argues that his claims
are saved from the statute of limitations by the equitable
tolling doctrine for the same reason.  I reject both arguments.

The only claims Marte makes in his § 2255 petition that
could be directly affected by the commencement of deportation
proceedings against him are his claims that his lawyer and the
court erred in failing to advise him of the fact that he could
face deportation as a result of his plea.  Learning that he could
be subject to deportation as a result of his guilty plea does not
in any way affect the merits of his claims that the government
withheld exculpatory evidence, his lawyer was ineffective in

-2-

investigating the case or in understanding relevant case law, or that he was mentally impaired when he entered his guilty plea. Accordingly, these claims are not saved from the statute of limitations either by 28 U.S.C. § 2255(4) or by the equitable tolling doctrine.

Marte's claims that his lawyer and the court failed to inform him that he could face deportation proceedings as a result of his guilty plea fail, even if I assume that he did not discover the factual basis for the claims until December 22, 2000. The First Circuit Court of Appeals has recently held in United States v. Gonzalez, 202 F.3d 20 (1st Cir. 2000), that neither a lawyer's failure to advise a client of the potential immigration consequences of a guilty plea nor the court's failure to advise a defendant of the fact that he could face deportation as a result of a guilty plea renders the plea defective.

Petitioner's motion for relief under § 2255 is denied.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

April 3, 2001

cc:  Jose Marte, pro se
     Peter Papps, Esq.